ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief
RICKEY D. TURNER, JR. CO Bar No. 38353
Senior Attorney
U.S. Department of Justice
Energy & Natural Resources Division
Wildlife & Marine Resources Section
999 18TH Street, North Terrace, Suite 600
Tel: (202) 532-3073
Email: rickey.turner@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| SAVE THE BULL TROUT, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR, ET AL.,<br><br>Federal Defendants. | Case 6:25-cv-00045-H-BMM<br><br>**FEDERAL DEFENDANTS' NOTICE REGARDING THE HARM RESCISSION RULE AND SUGGESTION OF MOOTNESS** |

Federal Defendants provide notice regarding a recent – and material – regulatory change bearing on the resolution of Plaintiffs' pending motion for summary judgment and the Court's continuing jurisdiction over Plaintiffs' Incidental Take Statement ("ITS") claim. *See* ECF No. 1 (Count 1). Effective September 14, 2026, the U.S. Fish and Wildlife Service ("FWS") and National Marine Fisheries Service rescinded the regulatory definition of "harm" under the Endangered Species Act ("ESA"). *See* Rescinding the Definition of "Harm" Under the Endangered Species Act, 91 Fed. Reg. 43300 (July 14, 2026) ("Harm Rescission Rule"). As explained below, the Harm Rescission Rule materially affects whether the relief Plaintiffs seek concerning the 2023 ITS would redress their alleged injuries, rendering Count 1 moot. Federal Defendants raise this issue in advance of oral argument because Article III requires a continuing, redressable controversy throughout the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To have Article III standing, a court must be able to redress the injury that gives rise to standing. *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018). A claim "lacks redressability if the plaintiff will nonetheless suffer the claimed injury" after a favorable ruling. *Ctr. for Biological Diversity v. Exp.-Imp. Bank of the U.S.*, 894

F.3d 1005, 1013 (9th Cir. 2018) (citing *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1227 (9th Cir. 2008)); *see Salmon Spawning & Recovery All.*, 545 F.3d at 1227 (no redressability where, "if we rule in their favor, they will still suffer injury"). A continuing, redressable injury is required throughout the litigation. *Lewis v. Cont'l Bank Corp.* 494 U.S. 472, 477-80 (1990). Thus, an intervening change in law renders a claim moot when it eliminates the Court's ability to redress the alleged injury. *Id.*; *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 187 (9th Cir. 1977) (cases "will be dismissed as moot when events occur which prevent the [] court from granting any effective relief, even if the dispute is decided in favor of the [plaintiff]"). That is the case here: a ruling for Plaintiffs on Count 1 would leave them no better off, rending their claim moot.

If Plaintiffs were to prevail, the remedy would be a remand to FWS. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (explaining "the proper course, except in rare circumstances, is to remand to the agency"). On remand, FWS would have to prepare a new incidental take statement under the law in effect when it acts. *See Ziffrin, Inc. v. United States*, 318 U.S. 73, 78 (1943) (a change of law pending agency decision "must be followed in relation to permits for future acts"). An ITS "must be predicated on a finding of an incidental take," and issuing one without a rational basis to conclude that take will occur is arbitrary and

capricious. *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1233, 1242 (9th Cir. 2001).

For prospective agency decisions, the Services now must apply the ESA's statutory definition of "take" without the former regulatory definition of "harm," rescinded effective September 14, 2026. *See* Harm Rescission Rule, 91 Fed. Reg. 43300. In that rule, the Services adopted Justice Scalia's interpretation of "take" in his *Sweet Home* dissent—that "take" reaches only an "affirmative act[] . . . directed immediately and intentionally against a particular animal." *Id*. at 43301–02, 43306 (*quoting Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or*., 515 U.S. 687, 719–20 (1995) (Scalia, J., dissenting)). "Take" therefore does not reach habitat modification or other conduct that injures animals only indirectly. Water diversions, which are directed at water rather than at any animal, fall outside that definition. Justice Scalia's own examples make the point. He rejected the notion that a farmer whose tilling sends silt into a river, depleting oxygen and impairing the breeding of protected fish, has "taken" those fish. *Sweet Home*, 515 U.S. at 719 (Scalia, J., dissenting). He also explained that draining a pond is a take only when done to get at a turtle living there, *id*. at 721, because take requires action aimed at living animals, *id*. at 735.

Applying the Harm Rescission Rule, FWS could not lawfully reissue an ITS—or reimpose its reasonable and prudent measures and terms and conditions—

because the diversions at issue here are not prohibited "take." Indeed, the Services expressly declined to keep subjecting activities that are not "take" to the ESA's incidental take regime. Harm Rescission Rule, 91 Fed. Reg. at 43304. As a result, the ITS's take limits, monitoring and reporting requirements, and reinitiation trigger, *see* 50 C.F.R. § 402.16(a)(1), would disappear with nothing to replace them following any remand of the ITS. *Cf. Salmon Spawning*, 545 F.3d at 1227–28 (U.S. withdrawal from the treaty would arguably increase the harvest of listed salmon because the treaty itself limited Canadian take). Nor can Plaintiffs rest redressability on speculation that another court may vacate the Harm Rescission Rule, which is in effect and binds the Services. *Cf. Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1210–11 (9th Cir. 2021) (holding claims moot where "the legal landscape has changed" because newly effective regulations would govern the agency's future decisions, despite ongoing review of those regulations).

In short, even assuming Plaintiffs have alleged a cognizable injury in fact for Count 1 challenging the 2023 ITS, the Court cannot redress that injury. If Plaintiffs prevail and the Court remands the ITS, the Services cannot lawfully issue a new ITS on remand. That is, any remand would leave intact—or worsen—Plaintiffs' alleged injury. Relief that leaves the claimed injury in place "cannot bootstrap a plaintiff into federal court." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

107 (1998). Because Plaintiffs' injuries as to the National Park Service's alleged noncompliance with the ITS are no longer redressable, the Plaintiffs' asserted Count 1 is moot. *See, e.g. Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (case is moot where there is no longer an actual injury traceable to the respondent that is likely to be redressed by a favorable judicial decision). The Court therefore lacks jurisdiction over the claim and it should be dismissed under Federal Rule of Civil Procedure 12(h)(3).

Respectfully submitted on this 3rd day of November, 2026.

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney General
CHARLES E.T. ROBERTS,
Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.
CO Bar No. 38353
Senior Attorney
U.S. Department of Justice
Energy & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Phone: (202) 532-3073
rickey.turner@usdoj.gov

*Attorney for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above filing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.
CO Bar No. 38353
Senior Attorney
Wildlife and Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Phone: (202) 532-3073
rickey.turner@usdoj.gov

*Attorney for Federal Defendants*